RE: REQUEST FOR ADVICE 70 O.S. 5-117.5(A) AS AMENDED
ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN ADVISORY OPINION. INASMUCH AS YOUR REQUEST MAY READILY BE ANSWERED BY A REVIEW OF THE RELEVANT STATUTORY PROVISIONS, A FORMAL OPINION OF ATTORNEY GENERAL LOVING IS NOT NECESSARY.
THE QUESTIONED POSED FOR REVIEW IS:
 DOES THE LANGUAGE OF 1 AND 2 OF SENATE BILL 546 INCLUDE INTERLOCAL INSURANCE PLANS IN WHICH TWO OR MORE DISTRICTS SHARE THE COST OF A "SELF-INSURANCE" HEALTH PROGRAM?
 SCHOOL DISTRICTS ARE AUTHORIZED TO PROVIDE INSURANCE VIA INTERLOCAL COOPERATION AGREEMENTS PURSUANT TO 51 O.S. 168(C). THE LEGISLATURE WAS VERY SPECIFIC IN LANGUAGE IN SENATE BILL 546 WHEREIN IT INDICATED THE ENTITIES TO WHICH THE TEACHERS' RETIREMENT SYSTEM IS TO PROVIDE PREMIUM PAYMENTS OF $75.00. IN BOTH 1 AND 2 OF SENATE BILL 546 THE PROVISION STATES:
 ". . . . A RETIRED PERSON WHO BEGINS RECEIVING BENEFITS FROM THE TEACHERS' RETIREMENT SYSTEM OF OKLAHOMA AFTER SEPTEMBER 30, 1991, WHO RETIRES FROM A SCHOOL DISTRICT OR AREA VOCATIONAL-TECHNICAL SCHOOL DISTRICT THAT PROVIDES O THER HEALTH INSURANCE COVERAGE PURSUANT TO THE PROVISIONS OF PARAGRAPH 1 OF SUBSECTION B OF 51 O.S. 168 OF THE OKLAHOMA STATUTES, AND WHO ELECTS TO CONTINUE SAID HEALTH INSURANCE COVERAGE SHALL PAY THE PREMIUM RATE FOR THE HEALTH INSURANCE AN AMOUNT EQUAL TO THE PREMIUM RATE OF THE MEDICARE SUPPLEMENT OR SEVENTY-FIVE DOLLARS ($75.00), WHICHEVER IS LESS, WHICH SHALL BE PAID BY THE TEACHERS' RETIREMENT SYSTEM OF OKLAHOMA TO THE HEALTH INSURANCE COVERAGE PROVIDER."
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERATION OF THE LANGUAGE USED IN THE RELEVANT STATUTE. UDALL V. UDALL, 613 P.2D 742 (OKLA. 1980). FURTHER, WHERE THE STATUTE ITSELF DOES NOT PRESENT AN AMBIGUITY, THE INTENT MUST BE DETERMINED BY THE LANGUAGE OF THE STATUTE ITSELF. LIBERTY GLASS CO. V. JONES, 66 F. SUPP. 254 (OKL. D.C. 1946), AFFIRMED 159 F.2D 316, REVERSED 68 S.CT. 229,332 U.S. 524, 92 L.ED. 12, REHEARING DENIED 68 S.CT. 657,333 U.S. 850, 92 L.ED. 1132, MOTION DENIED 68 S.CT. 909.
SENATE BILL 546 SPECIFICALLY PROVIDES THAT OTRS IS TO PAY PREMIUMS OF RETIREES WHOSE SCHOOL DISTRICTS PROVIDED INSURANCE PURSUANT TO A SPECIFIC PROVISION OF STATUTE, NAMELY 51 O.S. 168(B)(L). NO AMBIGUITY IS PRESENTED IN THIS PROVISION. WHERE THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS AND THE MEANING IS CLEAR AND UNMISTAKABLE, THERE IS NO ROOM FOR CONSTRUCTION AND NO JUSTIFICATION EXISTS FOR APPLICATION OF RULES OF CONSTRUCTION; THE STATUTE WILL BE ACCORDED THE MEANING EXPRESSED BY THE LANGUAGE EMPLOYED. CAVETT V. GEARY BOARD OF EDUCATION, 587 P.2D 991 (OKLA. 1978).
INASMUCH AS THE LEGISLATURE SPECIFICALLY LIMITED THE APPLICATION OF SENATE BILL 5461 AND 2 TO SCHOOL AND AREA VOCATIONAL-TECHNICAL DISTRICTS INSURED PURSUANT TO 51 O.S. 168(B)(L), IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT SCHOOL DISTRICTS INSURED PURSUANT TO 51 O.S. 168(C) ARE NOT ELIGIBLE TO RECEIVE PREMIUM PAYMENTS FROM THE TEACHERS' RETIREMENT SYSTEM.
(TAMMY M. THOMPSON)